# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JIMMY TATUM**                                                    **PETITIONER**

**v.**                                                         **No. 3:08CV55-M-A**

**RAYMOND BYRD, ET. AL.**                                   **RESPONDENTS**

## MEMORANDUM OPINION

Jimmy Tatum ("Petitioner"), an inmate in the custody of the Mississippi Department of Corrections, seeks *habeas corpus* relief under 28 U.S.C. § 2254. The state has responded to the petition, but Tatum has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, Tatum's petition for a writ of *habeas corpus* will be denied.

## Facts and Procedural Posture

On December 21, 2003, Officers Chris Turner and Chris Pullen of the Water Valley Police Department conducted a routine driver's license checkpoint near the Water Valley city limits in Yalobusha County, Mississippi.[1] Tatum stopped at the checkpoint, but was unable to produce a driver's license because it had been suspended for failure to pay child support. Officer Turner arrested Tatum and performed a pat-down search from his shoulders to his waist, which yielded "a clear plastic bag with a green leafy substance believed to be marijuana."[2] Officer Turner then cuffed Tatum's hands behind his back, placed him in the front seat of his patrol car,

---

[1] The facts are taken in large part from the Mississippi Court of Appeals decision, *Tatum v. State*, 955 So. 2d 377 (Miss. Ct. App. 2007), as well as those gleaned from the State Court Record (S.C.R.).

[2] Turner testified that he normally pats a suspect down from shoulder to ankle – but stopped at Tatum's waist because he found the bag of what he believed to be marijuana. (S.C.R., Vol. 2, pp. 12-13, 17). Turner also testified that he did not search the small of Tatum's back, and that Tatum had access his back because his hands were cuffed behind him. (*Id.* at 23).

and took him to the police station for booking. (S.C.R., Vol. 2, pp. 7-8). After booking Tatum, Turner returned to his patrol car and discovered a clear plastic bag of cocaine lying in the front passenger side floorboard. (*Id.* at 8). Turner testified that Tatum was the only person to ride in the front passenger seat of his patrol car that day. (*Id.* at 7).

Tatum was indicted on February 25, 2004, by a Yalobusha County grand jury for one count of possession of cocaine in an amount greater than two grams but less than ten grams in violation of MISS. CODE ANN. § 41-29-139(c)(1)(C) (Supp. 2003). Tatum was also indicted on one count of possession of marijuana in an amount less than thirty grams in violation of MISS. CODE ANN. § 41-29-139(c)(2)(A) (Supp. 2003).[3] On May 3, 2004, the Circuit Court of Yalobusha County entered an order amending the indictment and charging Tatum as a habitual offender under MISS. CODE ANN. §§ 99-19-81 and 41-29-147 (Supp. 2003).[4]

During Tatum's trial, Officer Turner testified that, at the beginning and end of every shift, he routinely inspects the floor and seats of his patrol car for "debris," or objects left behind by occupants of his patrol car. (S.C.R., Vol. 2, p. 4). Officer Pullen also testified that he routinely inspected the seat and floorboard of his patrol car for any weapons or narcotics that may have been left behind by someone arrested earlier – and that the inspections were protocol for members of the Water Valley Police Department. (*Id.* at pp. 27-28). Turner further testified that he inspected his patrol car at the end of his shift on December 20, and at the beginning of his shift on December 21, the date Tatum was arrested. (*Id.* at pp. 4-6). He found no "debris" during those inspections. (*Id.*). Officer Turner also testified that he arrested two other men at the

---

[3] The State did not prosecute the charge for possession of marijuana.

[4] As pointed out by the Court of Appeals of Mississippi, Tatum had two prior felony convictions – one in July of 1994 for sale of cocaine and another in December of 1994 for possession of cocaine. *Tatum*, 955 So. 2d at 379 n.3 (¶ 3).

checkpoint, and that when he arrested Tatum, the other men had been sitting in the back seat of his patrol car, hands cuffed behind their backs, for approximately fifteen or twenty minutes. (*Id.* at 17). Nonetheless, Officer Turner explained it would have been physically impossible to move from the back of his patrol car to the front because the two areas were separated by a cage. (*Id.* at pp. 21-22).

After the State rested, Tatum moved for a directed verdict, which was denied. (*Id.* at 51-54). Tatum presented no evidence in his defense, and on March 3, 2005, was convicted of possession of cocaine in an amount more than two grams but less than ten. (S.C.R., Vol. 1, p. 47). Following his conviction, Tatum's motion for judgment *non obstante veredicto*, or, in the alternative, a new trial was likewise denied. (*Id.* at 51-52).

On Tatum's direct appeal, the Mississippi Court of Appeals affirmed Tatum's conviction and sentence. *Tatum v. State*, 955 So. 2d 377 (Miss. Ct. App. 2007). The Mississippi Court of Appeals denied Tatum's motion for rehearing on February 6, 2007. The Mississippi Supreme Court denied Tatum's petition for a writ of certiorari on April 5, 2007. On February 4, 2008, Tatum filed a motion seeking post-conviction relief in the Supreme Court of Mississippi, which was denied on March 5, 2008.

Tatum then sought a writ of *habeas corpus* in this court. The State responded to the motion on April 24, 2009. Tatum has not submitted a reply. For the reasons set forth below, the instant motion for a writ of *habeas corpus* will be denied.

## Standard of Review

Decision in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997) (AEDPA applies to all federal *habeas corpus* applications filed on or after April 24, 1996). Under the AEDPA's

scope of review, *habeas corpus* relief cannot be granted in connection with any claim adjudicated on the merits in state court proceedings unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). The factual findings of the state court are presumed correct, and the petitioner bears the burden of rebutting the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

The "contrary to" and "unreasonable application" clauses of 28 U.S.C. § 2254(d) have independent meanings. *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Penry v. Johnson*, 532 U.S. 782, 792 (2001). Federal *habeas corpus* relief may be granted under the "contrary to" clause where the state court (1) arrives at a conclusion opposite that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "unreasonable application" clause, a federal court may grant relief where the state court applies the correct legal principle to the facts in an unreasonable manner. *See id.* at 407-08; *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). Whether a decision is "unreasonable" is an objective inquiry, and it does not turn on whether the decision is merely incorrect. *See Schriro*, 550 U.S. at 473 ("The question under the AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."); *Williams*, 529 U.S. at 410-11; *Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004) (*habeas corpus* relief merited where state decision both incorrect and objectively unreasonable).

A petitioner must exhaust his remedies in state court prior to seeking federal *habeas corpus* relief. *See* 28 U.S.C. § 2254(b)(1); *Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir. 2001); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). A petitioner has exhausted his claim when he has fairly presented the claim for which he seeks relief to the highest court of the state. *See Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). The federal claims presented for *habeas corpus* relief must be the substantial equivalent of those presented to the state court in order to satisfy the requirement of fair presentation. *Id.* at 204-05; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A claim is not exhausted for purposes of federal *habeas corpus* review if a petitioner presents the court with different legal theories or factual claims from those pursued in state court. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001); *Wilder*, 274 F.3d at 259 ("[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement."). A federal court may not grant federal *habeas corpus* relief on an unexhausted claim, but relief may be denied on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see also Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999).

Where a petitioner fails to exhaust his state remedies, but it is clear that the state court to which he would return to exhaust the claim would find the claim procedurally barred, the claim is procedurally defaulted for purposes of federal *habeas corpus* relief. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Likewise barred from federal *habeas corpus* review are claims that the state court held procedurally barred on independent and adequate state

law grounds. *Coleman*, 501 U.S. at 729-30 ("The doctrine applies to bar federal habeas claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests upon independent and adequate state procedural grounds."); *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977). To overcome procedural default, a petitioner must demonstrate "'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 749-50 (internal citations omitted).

In order to demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In some instances, counsel's ineffectiveness may suffice to establish "cause" for failure to exhaust a claim on appeal, but the claim of ineffectiveness must itself be brought as an independent claim and exhausted in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Prejudice may be demonstrated by showing that the errors "worked to [the petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 494 (internal quotations omitted). If a petitioner is unable to demonstrate cause and prejudice, he may obtain review of his claim by demonstrating that the application of the procedural bar would result in a miscarriage of justice because he is actually innocent of the crime. *House v. Bell*, 547 U.S. 518, 537-38 (2006). An allegation of actual innocence requires that a petitioner support his claim "with new, reliable evidence that was not presented at trial and show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 655 (5th Cir. 1999) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Where a state court holds a claim barred on independent and adequate state law grounds and reaches the merits of the claim in the alternative, the bar imposed by the state court is not vitiated. *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989); *Hughes v. Dretke*, 412 F.3d 582, 592-93 (5th Cir. 2005) (alternate holding on merits by state court did not preclude imposition of bar on federal *habeas corpus* review for petitioner's failure to contemporaneously object on federal constitutional grounds in state court); *Thacker v. Dretke*, 396 F.3d 607, 614 (5th Cir. 2005) (procedural bar imposed for petitioner's failure to contemporaneously object and preserve claim for review not circumvented by state court's alternative holding that constitutional claim lacked merit).

## Tatum's Claims Under 28 U.S.C. § 2254

In his petition for a writ of *habeas corpus*, Tatum alleges:

1. The trial court erred in denying his motion for a judgment notwithstanding the verdict, or in the alternative, a new trial.

2. He was denied his Sixth Amendment right to a fair trial by the State's use of perjured testimony.

3. He was denied his right to due process when the State amended the indictment to include charging him as a habitual offender.

**I. Whether the trial court erred in failing to grant Tatum's motion for JNOV, or in the alternative, a new trial.**

Tatum claims the trial court abused its discretion in denying his motion for JNOV, or in the alternative, a new trial. He argues that the State failed to produce enough evidence to warrant a conviction for constructive possession, and furthermore, that the State did not prove he was aware of the cocaine. The court's review of this allegation is limited under 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudications of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(1) applies to mixed questions of law and fact. *Gachot v. Stalder*, 298 F.3d 414, 417 (5th Cir. 2002). Subsection (d)(2) permits federal court relief only if the state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Tatum's claims involve mixed questions of law and fact; therefore, subsection (d)(1) governs the claims and dictates that relief not be granted unless the court determines the state court's decision involved an unreasonable application of the law to the facts.

In his first ground for relief, Tatum argues that the trial court erred in denying his motion for judgment *non obstante veredicto*, or in the alternative, a new trial, a claim challenging the weight and legal sufficiency of the evidence. A court may not assess the weight of the evidence on *habeas corpus* review. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). As such, Tatum is not entitled to relief based on his challenge to the weight of the evidence.

Tatum also challenges the legal sufficiency of the State's evidence, which may support a claim for *habeas corpus* relief – if he can prove that the evidence, when viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard "preserves the integrity of the trier of fact as the weigher of the evidence."

*Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). Tatum raised this claim in the Mississippi Supreme Court, which found the claim to be without merit:

> [W]e cannot conclude that reasonable and fair-minded jurors could only find the accused not guilty; nor can we conclude that the verdict is so contrary to the overwhelming weight of the evidence that to allow it two stand would sanction an unconscionable justice. Consequently, we find that the trial court did not err in denying Tatum's motion for JNOV, or, in the alternative, a new trial.

*Tatum*, 955 So. 2d at 381.

Tatum has presented nothing in his petition to overcome the deference afforded a state appellate court. *Callins v. Collins*, 998 F.2d 269 ("[W]here state appellate court has conducted a thorough review of the evidence . . . it's determination is entitled great deference."). Petitioner was charged under MISS. CODE ANN. § 41-29-139(c)(1)(C), which states in part that it is "unlawful for any person knowingly or intentionally to possess any controlled substance." In particular, any person who violates this subsection with respect to:

> (1) A controlled substance classified in Schedule I or II, except marihuana, in the following amounts shall be charged and sentenced as follows:
>
> . . .
>
>> (C) Two (2) grams but less than ten (10) grams or ten (10) dosage units but less than twenty (20) dosage units, by imprisonment for not less than four (4) years nor more than sixteen (16) years and a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00).

MISS. CODE ANN. § 41-29-139(c)(1)(C).

Tatum offered no evidence at trial to rebut Officer Turner's testimony. According to Officer Turner, he inspected his patrol car at the end of his shift on December 20, and at the beginning of his shift on December 21, the date Tatum was arrested. (S.C.R., Vol. 2, pp. 4-6). Officer Pullen testified that these inspection are standard protocol for officers employed by the Water Valley Police Department. (*Id.* at pp. 27-28). Further, Officer Turner testified that no one

had been in the patrol car following him and until he was assigned the same car upon coming on duty some twelve (12) hours later. (*Id.* at 5).

> Q. Before you began your shift that day, did you again inspect the vehicle?
>
> A. Yes.
>
> Q. Was there anything found in the vehicle that wasn't supposed to be there?
>
> A. No.
>
> Q. Had anybody had the vehicle between your last inspection of it on December 20th, 2003, at midnight and you getting that same vehicle again on December 21st, 2003, at noon?
>
> A. No, it wasn't.
>
> Q. So when you began your shift on December 21st, 2003, at noon, it was just like it was when you left it the night before?
>
> A. It was.

(*Id.*)

Officer Turner further testified that Tatum was the only person in the front passenger seat that day, as well as the last person there before the cocaine was found. (*Id.* at pp. 7, 10, 23). Given this unrebutted evidence, the court holds that Tatum knowingly and intentionally possessed cocaine. Accordingly, Tatum is not entitled to relief on this ground, and it will be dismissed.

**II. Whether Tatum's Sixth Amendment right to a fair trial was violated due to the State's alleged use of perjured testimony.**

Tatum next claims that the State violated his Sixth Amendment right to a fair trial by using "perjured testimony" of Officer Turner to secure a conviction.

Tatum alleges:

During the testimony of arresting officer that found the cocaine in the floorboard of

> his patrol car, he did state that he inspected his patrol car at the beginning of his shift and at its end. The testifying officer did state that other officers had used the car, and had other suspects seated in the car. But the testifying officer stated that the cocaine was not in the car when he begin [sic] his shift. This was false evidence as officer had been on duty for hours and made other arrests beside [sic] the Petitioner.

(Petition, p. 6).

A conviction obtained through the use of perjured testimony violates a defendant's Fourteenth Amendment Due Process Rights. *Mooney v. Holohan*, 294 U.S. 103, 112-13 (1935); *Napue v. Illinois*, 360 U.S. 264, 269-70 (1959). "A state denies a criminal defendant due process when it *knowingly* uses perjured testimony at trial or allows untrue testimony to go uncorrected." *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996) (citing *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1959); *Cordova v. Collins*, 953 F.2d 167 (5th Cir. 1992)). However, to establish a due process violation based on the use of false or perjured testimony, the petitioner must show that (1) the evidence was false; (2) the evidence was material; and (3) the prosecution knew that the evidence was false. *Giglio*, 405 U.S. at 153-54.

In the present case, Officer Turner's testimony is material; he was the arresting officer as well as the person who discovered the cocaine in his patrol car. However, Tatum does not meet either of the remaining two elements. He offers only bald assertions to support his claim that Officer Turner's testimony was false – or that the State *knowingly* offered such false testimony. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition...to be of probative evidentiary value.") (citations omitted).

Tatum alleges that Officer Turner gave false testimony by stating that the cocaine was not in the car when his shift began. (S.C.R., Vol. 2, pp. 5-6). The court, however, finds no evidence of record that would contradict Officer Turner's testimony. Tatum's lone argument in support of

this claim is that Officer Turner had "been on duty for hours and made other arrests beside[s] petitioner." (ECF Doc. 1, p. 6). According to the Turner's testimony; although he had arrested two additional men prior to Tatum's arrest, the other men had not physical access to the front floorboard, where Officer Turner ultimately found the cocaine, because they (the other two men) were handcuffed behind their backs and placed in the back seat – a seat separated from the front of the patrol car by a cage. (S.C.R., Vol. 2, pp. 21-22). In addition, Officer Turner testified that Tatum was the only person in the front passenger seat that day, as well as the last person there before the cocaine was found. (*Id.* at pp. 7, 10, 23).

Finally, even if Tatum could show that the arresting officer's testimony was false or misleading (and he has not done so), there is nothing in the record to show that the State knew or should have known the evidence to be false. Accordingly, Tatum is not entitled to relief on this ground, and it will be dismissed.

### III. Whether the State denied Tatum the right to Due Process by amending the Indictment to include the charge that he is a habitual offender.

Tatum alleges in this final ground for relief that the State violated his right to Due Process by charging him as a habitual offender. Tatum believes that the State "punished" him for exercising his right to a trial by jury by amending the indictment following his rejection of a plea deal. (ECF Doc. 1, p. 8). This court may not, however review this case, as the Mississippi Supreme Court held that it was procedurally barred during Tatum's attempt to secure post-conviction collateral relief.

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238

F.3d 631, 634 (5th Cir. 2001) (citing *Coleman*, 501 U.S. at 729). The Mississippi Supreme Court held that this issue was procedurally barred under MISS. CODE ANN. § 99-39-21(1) because he did not raise the issue during trial or on direct appeal.[5] Section 99-39-21(1) is an independent and adequate state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

Federal courts may not review a state's dismissal of a claim based upon independent and adequate state procedural rule unless the petitioner can show "cause *and* actual prejudice." MISS. CODE ANN. § 99-39-21(1). To show cause for the procedural default, "there must be something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Because Tatum has not proved cause sufficient to relieve his default of this issue in the state courts, this court need not determine whether Tatum would suffer actual prejudice if the court chose not to review the case on the merits because of the default. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Courts may nonetheless review the merits of a petition if the petitioner can show that a fundamental miscarriage of justice would occur if the court did not do so. A fundamental miscarriage of justice occurs "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman*, 188 F.3d at 644. To show that he is actually innocent, Tatum must support his allegation with new, reliable evidence that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Tatum has not met this burden. He has

---

[5] MISS. CODE ANN. § 99-39-21(1) reads: "Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

produced no evidence in his petition for *habeas corpus* relief; as such, he cannot show "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* For these reasons, Tatum is not entitled to relief on this ground, and it will be dismissed.

## Conclusion

For the reasons set forth above, Jimmy Tatum has not demonstrated that the denial of his state petition was contrary to, or involved an unreasonable application of, clearly established federal law; nor has he shown that the state court decision was based on an unreasonable determination of facts in light of the evidence presented. Accordingly, the instant petition for a writ of *habeas corpus* will be dismissed with prejudice. A final judgment in accordance with this opinion will issue today.

**THIS** the 25th day of March, 2010

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**